# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBIN MILLER KROENING, | |
| Plaintiff, | Court File No.: 18-cv-1636 (NEB/KMM) |
| v. | |
| DEL MONTE FRESH PRODUCE N.A., INC. a foreign corporation, and THE MIDWEST BEST PRODUCE COMPANY, a foreign corporation, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO AUGUST 27, 2019 ORAL ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| Defendants. | |
| and | |
| THE MIDWEST'S BEST PRODUCE COMPANY, a foreign corporation, | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| BEACHSIDE PRODUCE, LLC, FORTUNE GROWERS, LLC, CH ROBINSON CO., Inc. CALIFORNIA ARTICHOKE AND VEGETABLE GROWERS CORPORATION d/b/a OCEAN MIST FARMS, INC., | |
| Third-Party Defendants, | |
| and | |
| VEGGIFRUIT, INC., | |
| Third-Party Defendant and Fourth-Party Plaintiff, | |
| v. | |
| TERRY & JOE BAKER FARMS, LLC d/b/a BAKER FARMS, Fourth-Party Defendant. | |

1

## INTRODUCTION

This is the latest discovery dispute in protracted litigation with Defendant Del Monte Fresh Produce, N.A., Inc. Del Monte is accused of selling *Cyclospora*-contaminated ready-to-eat vegetable trays to Kwik Trip, who in turn sold them to consumers including Plaintiff Robin Miller Kroening. Del Monte argues that Magistrate Judge Steven Rau's ruling permitting discovery relating to what it represented to consumers about its vegetable tray products prior to purchase and its public statements related to the outbreak is "clearly erroneous" or "contrary to law." Because these topics are relevant to Plaintiff's claims as alleged in the Complaint, Magistrate Rau's Oral Order should be affirmed.

## FACTUAL BACKGROUND

The facts underlying this litigation were adequately addressed in the briefs accompanying the underlying motion. Instead of another recitation, facts relevant to the disputed issues will be discussed below.

## ARGUMENT

### I. Legal Standard

The benchmark for setting aside rulings of a magistrate judge on nondispositive discovery disputes is, appropriately, extremely high. "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "The Magistrate Judge has broad discretion to supervise the discovery matters before him. Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's broad discretion ... to manage and define appropriate

2

discovery unless the Magistrate Judge's determinations were clearly erroneous or contrary to law." *Shukh v. Seagate Tech.*, LLC, 295 F.R.D. 228, 238 (D. Minn. 2013)(citations omitted).

"A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010)(citations omitted). A decision is "contrary to law" when it fails to apply (or misapplies) relevant statutes, case law, or rules of procedure. *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010), aff'd, 413 F. App'x 925 (8th Cir. 2011), citing *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F.Supp.2d 1087, 1092 (N.D.Iowa 2008).

## II. Magistrate Judge Rau's Ruling is Not "Clearly Erroneous" or "Contrary to Law"

Magistrate Judge Rau's rationale explaining his ruling on the two remaining disputed 30(b)(6) deposition topics was presented in a well-reasoned, thorough oral order. That Order reflected a deep understanding of the applicable law, a good command of the record in this case, and the practical nature of the civil discovery process. Representations made by Del Monte to consumers and its public statements relating to the *Cyclospora* outbreak that caused Plaintiff Kroening's illness both fall comfortably within the ambit of discovery in products liability actions. The order should not be set aside.

### A. Representations, Specifications, and Warranty Information Are Germane To Plaintiff's Claims

The Court found that Topics 6 and 14—covering "Del Monte Fresh safety and quality specifications and guarantees to consumers" and "Specifications, warranties, and representations about the vegetable tray products…" were relevant to Plaintiff's negligence claim. More specifically, "[a]ny representations Del Monte may have made, such as the food being ready to eat or the 'best by' dates, may go to Kroening's negligence claim in framing Del Monte's duty to its consumers." Transcript p. 16. Moreover, the Court found, best by dates and origin information may help with traceback and to determine what upstream supplier "is responsible for the contaminated food Kroening ate." *Id.*

Country of origin information, best-by dates, and that the product was represented as "ready-to-eat" are factors that go to both duty and causation. Del Monte insists this information will be covered under other areas of examination; that Del Monte has already provided documents that obviate the need for this line of questioning; and that Plaintiff could, if she wished, get admissions through written Requests for Admission. D. Objections at 8, Dkt. No. 127. The Court should not artificially limit discovery by live testimony because these topics may dovetail with other topics or are otherwise discoverable. As Magistrate Judge Rau pointed out "corporate testimony is the form of corporate admission, not the admission of a single document or single witness." Hearing Transcript at pp. 16-17, Dkt. No. 128-1. Plaintiff should be able to ask Del Monte about what it intended consumers to know about its vegetable trays.

In the instant briefing, Del Monte argues that Plaintiff has not exclusively based her claim on specifications, guarantees, or representations and therefore this discovery is irrelevant. D. Objections at 11, Dkt. No. 127. Del Monte claims that "no amount of discovery

4

will help [Plaintiff] establish whether she is owed a legal duty under Minnesota negligence law." *Id.* at 12. The foundational basis for a legal duty arises from foreseeability. What Del Monte knew and represented to its consumers is critical information. "In Minnesota, it is well settled that a manufacturer has a duty to protect users of its products from foreseeable dangers. . . In determining whether a danger is foreseeable, courts look at whether the specific danger was objectively reasonable to expect, not simply whether it was within the realm of any conceivable possibility." *Whiteford by Whiteford v. Yamaha Motor Corp.*, U.S.A., 582 N.W.2d 916, 918 (Minn. 1998). Thus, the relevant inquiry is what harm was foreseeable to Del Monte.

Though the claim, when viewed in isolation, is not based on passage of a "best-by" date, since *Cyclospora* must sporulate to become infectious, a manufacturer's determination of appropriate shelf-life is an important factor in the relative risk of infection associated with the product. Allegations related to the time to sporulation are found at Paragraphs 23-26 of the Second Amended Complaint:

> 23. Fresh excreta containing unsporulated (immature) oocysts is noninfectious. Instead, the oocysts must sporulate in order to become infectious. Therefore, *Cyclospora* is not known to be transmitted directly from person-to-person.

> 24. Oocysts sporulate within 1-2 weeks, depending on environmental conditions. After sporulation, the sporont becomes two sporocysts, each containing two elongated sporozoites.
>
> 25. After sporulation, the *Cyclospora* organism is infectious, and when consumed by humans, causes illness.
>
> 26. Put simply, feces must contaminate food or water and then remain there long enough to sporulate in order to cause illness.

Dkt. No. 37.

Put simply, Del Monte's intended use of its vegetable trays within a shelf-life that it specified is relevant to the foreseeability of the harm to Ms. Kroening. What Del Monte communicated or did not communicate to consumers about its vegetable trays bears upon its liability for Plaintiff's illness, as does the source of the produce.

Del Monte has not admitted liability in this matter. What it represented to consumers bears upon its ultimate responsibility and constitutes routine discovery. Accordingly, questioning related to Del Monte's representations, specifications, and guarantees were and should be permitted without limitation.

### B. Plaintiff Should Be Permitted to Ask A Corporate Representative About Why These Products Were Recalled

Magistrate Judge Rau ruled that Plaintiff is entitled to corporate testimony regarding the preparation of the recall notice because "Del Monte may have had certain factual information on its examination of the vegetable trays prior to the recall," and also that "facts around when and why Del Monte put…out its recall notice may be relevant…because manufacturers have a post-sale duty to warn in Minnesota." Transcript at 17-18. Magistrate Judge Rau further opined that "[w]hen and why the notice was issued

6

is relevant to Kroening's negligence claim," and remarked that "no one but Del Monte" would have this information. Transcript at 19-20.

Again, corporate admissions relating to public statements that, when viewed in context, tend to suggest that Del Monte caused this outbreak are germane to this litigation. Del Monte's argument regarding the timing of its recall notice (which occurred after this lawsuit was filed) misses the point. Questions related to a company's previous public statements are a bread-and-butter issue for a corporate designee deposition.

Though it was not Magistrate Judge Rau's only basis for permitting discovery related to Del Monte's public statements, Del Monte devotes substantial time to arguments related to the post-sale duty to warn. Del Monte argues that Plaintiff was an ultimate consumer and—incorrectly—that Plaintiff did not rely on Del Monte's representations. The order was not contrary to Minnesota's law regarding a manufacturer's post-sale duty to warn. In its current memorandum, Del Monte claims that Plaintiff did not "read or rely on any Del Monte statement…" D. Objections p. 14.  This misinterprets Ms. Kroening's testimony in response to a question of whether she recalled seeing the country of origin information on her tray ("that stuff"), not whether she otherwise looked at the label:

> Q   Do you recall seeing the country of origin sticker on your tray when you purchased --
> A   I don't read all that stuff on the tray.

Kroening Deposition p. 82, Decl. of A. Regan Jul. 30, 2019, Ex. 8, Dkt. No. 96-8. Plaintiff consumed a ready-to-eat product within the acceptable shelf life. Moreover, Plaintiff was entitled to assume that, if the trays were known to be expired or contaminated, Kwik Trip

7

would have removed them promptly. Magistrate Judge Rau's order on this issue was not contrary to law.

### III.     This Motion is Yet Another Delay Tactic

The present dispute regarding two final 30(b)(6) areas of inquiry has lingered more than three months and has caused discovery to grind to a halt. Plaintiff served a 30(b)(6) notice –including the topics currently at issue—on June 14, 2019, proposing an August 1, 2019, deposition date. *See* Def. Mot. for Prot. Order at 3, Dkt. No. 95. Del Monte filed its Motion for a Protective Order until July 30, 2019. Additionally, Del Monte has not provided deposition dates for non-designee corporate employees, which were also requested on June 14, 2019. To date, **no 30(b)(6) deposition date has been confirmed**, and Del Monte has likewise offered **no availability for critical fact witnesses** until November 2019, a full 5 months after first requested. See Declaration of L. Lien Rinholen, ¶¶ 2-5. Because the two topic areas in dispute are relevant to Plaintiff Kroening's claims, the Court should promptly deny Del Monte's objections to Magistrate Judge Rau's oral order and set a deadline for completion of the deposition.

### CONCLUSION

Plaintiff seeks routine discovery related to her product liability claims against Defendant Del Monte. Del Monte has refused to produce a corporate designee—or even key fact witnesses—to answer questions in real-time about the outbreak that sickened Plaintiff and hundreds of others. It is time Del Monte be held to task and provide a suitable deponent so that Plaintiff may gather the facts necessary to present her claim at trial. We respectfully request that the court overrule Del Monte's objections to Magistrate Judge

Rau's August 2, 2019, oral order and command Del Monte to produce a witness within a reasonable timeframe.

                                              Respectfully submitted,

Date: 9/23/2019                By:   /s/Lindsay Lien Rinholen
                                              Ryan M. Osterholm (#0390152)
                                              Lindsay Lien Rinholen (#0397560)
                                              PRITZKER HAGEMAN, P.A.
                                             45 South Seventh Street
                                             PwC Plaza, Suite 2950
                                             Minneapolis, MN  55402
                                             Telephone: (612) 338-0202
                                             Facsimile: (612) 338-0104
                                             ryan@pritzkerlaw.com
                                             lindsay@pritzkerlaw.com

                                             *ATTORNEYS FOR PLAINTIFF*