# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBIN MILLER KROENING,<br><br>Plaintiff,<br>v.<br><br>DEL MONTE FRESH PRODUCE N.A., INC., and THE MIDWEST'S BEST PRODUCE COMPANY,<br><br>Defendants. | Case No. 18-CV-1636 (NEB/KMM)<br><br>ORDER ON OBJECTIONS TO AUGUST 27, 2019 ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

Plaintiff Robin Miller Kroening ("Kroening") filed this action for damages incurred from consuming an allegedly defective Del Monte vegetable tray that she purchased at a Kwik Trip gas station in May 2018. [ECF No. 37 ("Second Amended Complaint" or "SAC") ¶¶ 90–119.] According to the complaint, Kroening tested positive for *Cyclospora* on June 7, 2018. (*Id*. ¶ 96.) On June 8, 2018, state public health authorities informed the public that a cluster of at least 13 *Cyclospora* cases were linked to the consumption of vegetable trays manufactured by Del Monte Fresh Produce N.A., Inc. ("Del Monte"). (*Id*. ¶ 63.) After federal and state officials discovered the correlation between the *Cyclospora* cases and Del Monte's vegetable trays, Del Monte recalled the vegetable trays on June 15, 2018. (*Id*. ¶ 64).

Kroening asserts two claims against Del Monte: (1) strict product liability–manufacturing defect, and (2) negligence. (*Id*. ¶¶ 104–19.) In the course of discovery,

Kroening served the Amended Notice of Taking Deposition of Defendant Del Monte Pursuant to Rule 30(b)(6). [ECF No. 128-2 ("Rule 30(b)(6) Notice").] Del Monte moved for a protective order on certain topics listed in the Rule 30(b)(6) Notice. [ECF No. 93.]

On August 27, 2019, Magistrate Judge Steven E. Rau held a hearing on Del Monte's motion for protective order. [ECF No. 120.] At the hearing, Magistrate Judge Rau in part and denied in part Del Monte's motion for a protective order. (*Id.*) Del Monte filed the instant objection to the decision to deny a protective order as to three topics in the Rule 30(b)(6) Notice. For the reasons provided below, the Court will sustain Del Monte's objection.

## ANALYSIS

### I.  Legal Standard

Review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). A district court will reverse a magistrate judge's ruling on nondispositive pretrial matters only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Edeh v. Equifax Info. Servs., LLC*, 295 F.R.D. 219, 223 (D. Minn. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statues, case

law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 592 F. Supp. 2d 1087, 1092 (N.D. Iowa 2008)).

Magistrate Judge Rau denied Del Monte's motion for a protective order as to the deposition topics at issue because he found that they were relevant to Kroening's claims. When a party moves for a protective order, "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . forbidding the disclosure or discovery; . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1). The moving party bears the burden "to show the 'good cause' required for issuance of the protective order." *Alexander v. 1328 Uptown, Inc.*, No. 18-CV-1544 (ECT/ECW), 2019 WL 4929931, at *2 (D. Minn. Oct. 7, 2019) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "[A] showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement of Rule 26(c)." *Id.* (quoting *Shukh v. Seagate Tech., LLC,* 295 F.R.D. 228, 237 (D. Minn. 2013)).

II.     **Topics 6 and 14: Corporate Testimony Regarding Alleged Representations**

Del Monte argues that the Magistrate Judge erred when he decided to allow corporate testimony regarding Topic 6—"Del Monte Fresh safety and quality specifications and guarantees to consumers," and Topic 14—"[s]pecifications, warranties, and representations about the Vegetable tray products Del Monte Fresh sold." (Rule

3

30(b)(6) Notice at 6–7.) At the hearing, the Magistrate Judge found that these topics request information relevant to Kroening's claims, "in particular to her negligence claim." [ECF No. 128-1 ("Hr'g Tr.") at 16.] Citing Rule 26 of the Federal Rules of Civil Procedure, he explained:

> What is relevant under Rule 26 is broad but it is, as I said, limited by proportionality. Any representations Del Monte may have made, such as the food being ready to eat or the "best by" dates, may go toward Kroening's negligence claim in framing Del Monte's duty to its consumers. Similarly, the "best by" dates and origin information on the labelling of the vegetable trays may help Kroening trace back where the alleged contaminated food came from and determine who is responsible for the contaminated food Kroening ate.

(*Id*.)

Del Monte maintains that Topics 6 and 14 are irrelevant to this line of inquiry because on their face, they do not embrace traceback, the source or origin of the produce, "best by" dates, or the fact that the product was a ready-to-eat vegetable tray. Rather, these subjects are covered by other topics for which Del Monte has agreed to produce a Rule 30(b)(6) witness. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). For example, Topic 8 addresses "Del Monte Fresh's efforts to determine the source of the *Cyclospora* contamination" that caused the 2018 outbreak and subsequent product recall, "including but not limited to traceback efforts" and the "existence of any documents generated by Del Monte Fresh regarding traceback efforts."[1] (Rule 30(b)(6) Notice at 5.) Similarly, Topics 4 and 5 address

---

[1] Del Monte represents that it has produced documents relating to its investigation that include, among other information, the suppliers of the produce, information about the

4

the origin of the produce in the recalled vegetable trays, including Del Monte's purchasing, inspection, inventory, and quality/safety testing processes. (*Id*. at 4–5.) And Topics 15, 16, and 17 address Del Monte's records reflecting the presence and sale of recalled vegetable trays, its food safety processes and procedures related to selecting its suppliers of the vegetable tray components, and its food safety requirements that applied to suppliers of vegetable tray components prior to the outbreak. (*Id*. at 6–7.) Kroening does not deny that these deposition topics address the issues of "best by" dates or the origin of the produce in the trays. The Court finds that Kroening would not be deprived of Rule 30(b)(6) witness testimony on subjects for which other agreed-upon topics overlap with Topics 6 and 14.

The problem here is that the broad language of Topics 6 and 14 necessarily incorporates irrelevant subjects beyond the scope of other agreed-upon deposition topics. Kroening argues that under the ill-defined language of Topics 6 and 14, she "should be able to ask Del Monte about what it intended consumers to know about its vegetable trays." [ECF No. 136 ("Pl's Resp. Br.") at 4.] The question for the Court is whether such information is relevant to Kroening's claims.

Del Monte contends that the Magistrate Judge's determination that "[a]ny representations Del Monte may have made . . . may go toward Kroening's negligence

---

"best by" dates and country of origin of the vegetable trays, which are included in Topic 8. [*See* ECF No. 127 ("Def's Br.") at 7 & n.2.]

5

claim in framing Del Monte's duty to its consumers" was contrary to law. (Hr'g Tr. at 16.) It maintains that the Second Amended Complaint is not based on violations of any representations to consumers, but rather, alleges a legal duty and breach based upon manufacturing standards found in the Food, Drug and Cosmetic Act and applicable regulations. (*See* Def's Br. at 11 (citing SAC ¶¶ 82–88, 116).) Del Monte effectively asserts that Kroening's negligence claim is limited to a *per se* negligence theory. *See In re Shigellosis Litig.*, 647 N.W.2d 1, 10 (Minn. Ct. App. 2002) ("If a statute defines the fixed standard of care and violation of the statute is conclusive evidence of negligence, the statute creates per se negligence.") Because Kroening's negligence claim is narrow in scope ("she must simply prove a defect in the tray she consumed"), discovery of Del Monte's representations to consumers will not assist Kroening establish whether she is owed a legal duty under Minnesota negligence law. (Def's Br. at 12.) Del Monte cites case law holding that the federal Food and Drug Act, 21 U.S.C. § 331, may not establish the standard of care for a *per se* negligence claim. *See In re Shigellosis Litig.*, 647 N.W.2d at 10–11 (noting that if the court were to interpret 21 U.S.C. § 331 to establish a statutory negligence standard of care applicable to food sellers, "the simple act of selling adulterated food, without more, would constitute conclusive proof of negligence and alter longstanding principles of common law negligence requiring a seller to know or have reason to know of the defect in a product to be held negligent"). But the Minnesota Court of Appeals also explained that "[f]ailing to characterize the statutory standard as

6

*per se* negligence does not leave the injured person without a remedy, but links negligence with established common law standards." *Id*. at 10.

A plaintiff asserting a negligence claim must prove "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) that the breach of the duty of care was a proximate cause of the injury." *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 581–82 (Minn. 2012) (quoting *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011)). "[A] manufacturer has a duty to protect users of its products from foreseeable dangers." *Whiteford by Whiteford v. Yamaha Motor Corp., U.S.A.*, 582 N.W.2d 916, 918 (Minn. 1998). "In determining whether a danger is foreseeable, courts look at whether the specific danger was objectively reasonable to expect, not simply whether it was within the realm of any conceivable possibility." *Id*. Kroening argues that the relevant inquiry for her negligence claim is what harm was foreseeable to Del Monte. She admits that her claim is not based on passage of a "best by" date, but cites complaint allegations regarding the time to *Cyclospora* sporulation to argue that "a manufacturer's determination of appropriate shelf-life is an important factor in the relative risk of infection associated with the product." (Pl's Resp. Br. at 5 (citing SAC ¶¶ 23–26).) She claims that Del Monte's intended use of its vegetable trays within a specified shelf-life is relevant to the foreseeability of harm to Kroening, and that "[w]hat Del Monte communicated or did not communicate to consumers about its vegetable trays bears on its liability for [her] illness,

7

as does the source of the produce." (*Id*. at 6.)[2]

The Court finds that the Magistrate Judge did not err in finding portions of Topics 6 and 14 relevant to the framing of Del Monte's duty to its consumers—but only to the extent that they overlap with the other-agreed upon Rule 30(b)(6) deposition topics, including the subjects of "best by" dates and source of the produce. The Court finds that, to the extent Topics 6 and 14 encompass subjects beyond those agreed-upon topics, such as all representations "communicated or not communicated" by Del Monte, they are not stated with reasonable particularity, and therefore not relevant as written. Kroening has not identified what subjects or information would be relevant beyond those subjects encompassed by other agreed-upon deposition topics, nor has she articulated why they are relevant to Del Monte's duty of care. The Court therefore sustains Del Monte's objection as to Topics 6 and 14.

### III. Topic 13: Corporate Testimony Regarding Post-Sale Duty to Warn

Topic 13 addresses "Del Monte Fresh public statements concerning the product recall." (Rule 30(b)(6) Notice at 6.) Magistrate Judge Rau denied Del Monte's motion for a protective order on this topic, explaining:

---

[2] Del Monte argues that the manufacturer's conduct is irrelevant in manufacturing-flaw cases because the defect is proved by focusing on the condition of the product. (Def's Br. at 10 (citing *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622 (Minn. 1984)). But Kroening does not claim that Topics 6 or 14 are relevant to prove the alleged defect. Rather, she seeks corporate testimony proving the foreseeability of the harm, and thus Del Monte's duty, under a negligence theory.

> Kroening has aptly demonstrated why information on the preparation of the recall is relevant to her claims. Del Monte may have had certain factual information on its examination of the vegetable trays prior to the recall. This may be relevant to Kroening's claim she was part of a broader outbreak. Similarly, *facts around when and why Del Monte . . . put out its recall notice may be relevant to plaintiff's strict products liability claim because manufacturers have a post-sale duty to warn in Minnesota.*
> . . .
> When and why the recall notice was issued is relevant to Kroening's negligence claim.
> . . .
> Kroening cannot obtain the substantial equivalent of this information by other means because no one but Del Monte would have information on the when and the why Del Monte issued the recall notice for the vegetable trays. This information is not found in public statements.

(Hr'g Tr. at 18, 19–20 (emphasis added).) Del Monte argues that the facts surrounding "when and why" it issued the notice of recall is irrelevant because Kroening became ill before the recall and does not assert a post-sale failure to warn claim. *See Great N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 519, 520 (Minn. 2018) (holding that in "special cases," "a manufacturer can have a post-sale duty to warn when a manufacturer discovers a hidden defect after the time of sale") (emphasis omitted). Kroening withdrew her failure-to-warn allegations when she amended her complaint. (*Compare* ECF No. 1 (Compl.) ¶33 *with* SAC ¶¶ 104–09 (no allegations).)

Kroening does not deny that she withdrew her failure-to-warn allegations. She asserts that questions relating to previous public statements are "a bread-and-butter issue" for a Rule 30(b)(6) deposition. (Pl's Resp. Br. at 7.) But this blanket statement is not the test, and it does not make the topics at issue relevant to this litigation. Kroening

9

brushes off the fact that the recall occurred after she became ill, insisting that corporate admissions relating to public statements that tend to suggest that Del Monte caused the outbreak are "germane" to this litigation. (*Id*.) But Kroening does not explain how or why these post-illness statements are relevant to her case.

Because Kroening had withdrawn her failure to warn allegations, the Court finds that the Magistrate Judge erred in denying Del Monte's motion for protective order as to Topic 13 and sustains Del Monte's objection to this topic.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED that Del Monte's objections to the Magistrate Judge's August 27, 2019 Oral Order [ECF Nos. 120, 128-1 (Hr'g Tr.)] are SUSTAINED. The portions of the Magistrate Judge's August 27, 2019 Oral Order objected to by Del Monte are REJECTED as described herein.

Dated:  December 4, 2019              BY THE COURT:

                                      s/Nancy E. Brasel
                                      Nancy E. Brasel
                                      United States District Judge