UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

ROBIN MILLER KROENING,

               Plaintiff,

v.

DEL MONTE FRESH PRODUCE
N.A., INC. a foreign corporation,
and THE MIDWEST BEST PRODUCE
COMPANY, a foreign corporation,

               Defendants.

And

THE MIDWEST'S BEST PRODUCE
COMPANY, a foreign corporation,

Defendant and Third-Party Plaintiff,

v.

BEACHSIDE PRODUCE, LLC,
FORTUNE GROWERS, LLC,
CH ROBINSON CO., Inc.
CALIFORNIA ARTICHOKE AND
VEGETABLE GROWERS
CORPORATION d/b/a OCEAN MIST
FARMS, INC.,

Third-Party Defendants,

And

VEGGIFRUIT, INC.,

Third-Party Defendant and Fourth-Party Plaintiff,
v.

TERRY & JOE BAKER FARMS, LLC d/b/a
BAKER FARMS,

Court File No.: 18-cv-1636 (NEB/KMM)

**DECLARATION OF RYAN
OSTERHOLM IN SUPPORT
OF PLAINTIFF'S REPLY**

Fourth-Party Defendant and
Fifth-Party Plaintiff.

v.

H & W Farms, L.L.C.,
Fifth-Party Defendant.

_____

1.    Your declarant Ryan Osterholm is one of the attorneys representing Plaintiff in this matter.

2.    I submit this declaration in support of Plaintiff's Reply Memorandum and to address factual allegations made in the Affidavit of Anne Regan, Counsel for Del Monte's Memorandum of Law in Opposition to Motion for Sanctions, and Del Monte's Opposition to Plaintiffs' Motion for Sanctions.

3.    I am submitting this declaration to clarify what I set forth in my prior affidavit in support of Plaintiff's Motion for Sanctions.

4.    Ms. Regan's assertion that I intentionally listened to a privileged conversation for five minutes is categorically false.

5.    The first thing I heard on the line was Ms. Regan instructing the witness not to remember anything about the 2011 outbreak.

6.    Mr. Flaherty and I were in my office, and we looked at each other stunned. After processing what happened, I immediately took my office phone off mute and interjected.

7.    The totality of time between when I heard Ms. Regan start talking and the time I interjected could not have been more than twenty or thirty seconds.

8.    I absolutely did not hear any instruction or conversation between Dr. Liu and Anne Regan aside from the misconduct described in Plaintiff's motion.

9.    When I called Ms. Regan to meet and confer about the sanctions motion, she asked me not to file it so we could come to an agreement "on some things." I told her that I did not believe I had a choice in filing the motion because, as I understood the Rules of Professional Responsibility, her misconduct required mandatory reporting.

10.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4/3/2020

Ryan Osterholm

3